UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
UNITED SERVICE WORKERS UNION,
LOCAL 355, INTERNATIONAL UNION
OF JOURNEYMEN AND ALLIED
TRADES; UNITED WELFARE FUND –
SECURITY DIVISION AND THE
TRUSTEES THEREOF; UNITED
WELFARE FUND – WELFARE
DIVISION AND THE TRUSTEES
THEREOF; LOCAL 355, USWU JOINT
APPRENTICESHIP TRAINING FUND;
and USWU LABOR MANAGEMENT
CORPORATION FUND,

**AMENDED REPORT AND**
**RECOMMENDATION**
22-CV-5194 (ENV) (TAM)

                      Petitioners,

     -against-

TRADITIONAL AIR CONDITIONING,
INC.,

                      Respondent.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      Petitioners United Service Workers Union, Local 355, International Union of Journeymen and Allied Trades (the "Union"), and the United Welfare Fund – Security Division and the Trustees thereof; United Welfare Fund – Welfare Division and the Trustees thereof; Local 355, USWU Joint Apprenticeship Training Fund; and USWU Labor Management Corporation Fund (collectively, the "Funds") filed a Petition to confirm and enforce an arbitration award against Respondent Traditional Air Conditioning, Inc. on August 31, 2022. (*See* Pet. to Confirm Arbitration Award ("Pet."), ECF No. 1; Arbitration Award ("Award"), ECF No. 1-1, at ECF pp. 4–13.) The arbitrator issued the Award upon finding that Respondent violated its collective bargaining agreement ("CBA") with the Union. (*See* Award, ECF No. 1-1, at ECF pp. 4–13; *see also*

Agreements, ECF No. 1-2.) Respondent has neither responded to this action nor otherwise challenged the Award. For the following reasons, the Court respectfully recommends granting the petition and awarding a judgment as follows.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Background[1]

The Union is an unincorporated labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5), and the Funds are each "employee benefit plans" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1). (Pet., ECF No. 1, ¶¶ 3–4.) Respondent is a New York corporation and maintains a place of business at 32 East Carl Street, Hicksville, New York 11801. (*Id*. ¶ 5.) Respondent, at all relevant times, was an "employer" under ERISA and the LMRA. (*Id*.) *See* 29 U.S.C. §§ 142(3), 1002(5).

Pursuant to an agreement dated July 1, 2002, the Union and Respondent agreed to be bound by a multi-employer CBA between the Union and the Long Island and New York Mechanical Contractors' Association, as well as "the agreements and declarations of trusts, amendments and regulations, thereto, referenced in the [CBA]." (Assumption Agreement, ECF No. 1-2, at ECF p. 2; *see generally* Agreements, ECF No. 1-2, at ECF pp. 4–58 (referred to collectively as the "Agreements").) Under the CBA, Respondent was required to make monthly contributions to the Funds on behalf of Union employees, and to pay monthly union membership dues to the Union. (*See* Agreements, ECF No. 1-2, at ECF pp. 5, 7.) The CBA also required that all disputes

---

[1] The facts are taken from the Petition and exhibits and are presumed true because no response has been filed. *See, e.g., Finkel v. JCF Elec., Inc.*, No. 21-CV-3161 (CBA) (RER), 2022 WL 3682834, at *1 (E.D.N.Y. Aug. 25, 2022).

2

related to its interpretation and application be submitted for arbitration. (*See id.* at ECF p. 13; *see also* Delinquency Collection Guidelines, ECF No. 1-3.)

## II.  The Arbitration Award

Petitioners claim that, from January 2018 through January 2022, Respondent failed to comply with its obligations to make contribution payments and remit membership dues to the Union. (Pet., ECF No. 1, ¶ 9; *see* Arbitration Demand, ECF No. 1-4, at 1.) On February 16, 2022, pursuant to the CBA, Petitioners initiated an arbitration before Aaron Shriftman, Esq., and sent a demand for arbitration to Respondent by first class certified mail and electronic mail. (*See* Arbitration Demand, ECF No. 1-4.)

The arbitrator held an initial hearing on March 14, 2022. (*See* Notice of Hearing, ECF No. 1-5; Award, ECF No. 1-1, at ECF p. 4 n.1.) At the hearing, a representative for Respondent requested more time to comply with Petitioners' demands, and the parties agreed to postpone the arbitration. (*See* Award, ECF No. 1-1, at ECF p. 4 n.1.) The arbitrator held a second hearing on April 7, 2022. (*See id.* at ECF p. 4.) Petitioners appeared; Respondent did not. (*See id.*) Petitioners presented evidence, and the arbitrator issued a decision on May 12, 2022, finding that Respondent had "failed to remit dues to the Union and contribution payments to the Funds consistent with its contractual obligations" under the CBA. (*Id.* at ECF p. 8; *see id.* at ECF p. 4.)

The arbitrator ordered Respondent to pay Petitioners a "total sum of $339,939.60," comprising (1) Union membership dues of $7,256.00; (2) working assessment fees of $5,110.70; (3) Joint Apprentice Training Fund contributions of $22,347.25; (4) USWU Labor Management Corporation Fund contributions of $8,404.81; (5) administrative fees of $2,634.87; (6) Security Division contributions of $75,187.36; (7) Welfare Division contributions of $140,410.20; and (8) $78,588.41 in accrued interest.

(*Id* at ECF p. 8; *see also id.* at ECF pp. 10–13.) The arbitrator also determined that Respondent was "responsible for the costs and fees associated with the collection process." (*Id.* at ECF p. 8.)

Respondent has not abided by the Award. (*See* Pet., ECF No. 1, ¶ 23.) The Award has not been vacated or modified, and Respondent has not applied for such relief. (*See id.* ¶ 24.) Accordingly, Petitioners now seek confirmation of the Award, as provided under the CBA and Section 502(g) of ERISA, 29 U.S.C. § 1132(g). (*See* Agreements, ECF No. 1-2, at ECF p. 13.)

### III. Procedural History

Petitioners timely filed the instant Petition on August 31, 2022.[2] (*See* Pet., ECF No. 1.) Petitioners served Respondent via the New York Secretary of State on September 7, 2022.[3] (Aff. of Service, ECF No. 5.) After Respondent failed to appear, Petitioners requested a certificate of default on October 4, 2022, which the Clerk of Court issued on October 11, 2022. (Request for Certificate of Default, ECF No. 6; Clerk's Entry of Default, ECF No. 8.)

Petitioners filed the present motion for default judgment on November 4, 2022. (*See* Mot. for Default J., ECF No. 9.) They request an order (1) confirming the Award,

---

[2] The Court notes that Petitioners filed this case well within the one-year statute of limitations for a petition to confirm an arbitrator's award. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003) ("[S]ection 9 of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA.").

[3] The Court also notes that, on September 2, 2022, Petitioners attempted to effectuate in-person service at Respondent's purported place of business, 32 East Carl Street, Hicksville, New York 11801. (Aff. of Due Diligence, ECF No. 5-1; *see also* Agreements, ECF No. 1-2, at ECF p. 9.) Petitioners' process server indicated, however, that "[t]here is no office for Defendant corporation at location, there is a mailbox and a storage area for equipment and materials for Defendant." (Aff. of Due Diligence, ECF No. 5-1 (capitalization modified).).

4

and (2) entering a judgment in favor of Petitioners in the amount of $340,539.60,[4] plus an additional $611.95 in litigation costs. (*See* Mem. in Supp. of Default J. ("Supp. Mem."), ECF No. 9-1, at 15; Invoices for Service, ECF No. 9-6; Bill of Costs, ECF No. 9-7; Proposed Judgment, ECF No. 9-8; *see also* Apr. 28, 2023 Letter, ECF No. 14.) On November 7, 2022, the Honorable Eric N. Vitaliano referred the motion to the undersigned Magistrate Judge for a Report and Recommendation. (Nov. 7, 2022 ECF Referral Order.) The undersigned issued a Report and Recommendation on May 22, 2023, and Petitioners filed an objection on June 2, 2023, objecting exclusively to the Court's award of litigation costs, which calculation inadvertently overlooked pertinent invoices related to service of process. (*See* Report and Recommendation, ECF No. 15; Objection to Report and Recommendation, ECF No. 17; Invoices for Service, ECF No. 9-6.) To correct the error, this Amended Report and Recommendation replaces the one issued on May 22, 2023. (*See* Report and Recommendation, ECF No. 15.)

---

[4] Petitioners originally requested a judgment in the amount of $342,039.60, an amount that included $1,500.00 in attorney's fees purportedly incurred up to the date of the Award. (*See* Supp. Mem., ECF No. 9-1, at 15; *see also* Bill of Costs, ECF No. 9-7.) Petitioners requested these fees based on the arbitrator's statement that Respondent was "responsible for the costs and fees associated with the collection process." (Award, ECF No. 1-1, at ECF p. 8.) The arbitrator did not, however, award these "costs and fees" in a sum certain. (*Id.*) Accordingly, on April 25, 2023, the Court invited Petitioners to "submit additional authority or documentation of relevant billing or other records in support of their request," noting that "the only support in Petitioners' filings . . . appear[ed] to be a demand letter indicating that the 'costs and fees associated with the collection process' included '$1,500.00 for attorney's fees.'" (Apr. 25, 2023 ECF Order (quoting Demand Letter, ECF No. 1-1, at ECF p. 2).) On April 28, 2023, Petitioners filed a letter withdrawing their request for a monetary judgment "as it pertains to the $1,500.00 in attorneys' fees." (Apr. 28, 2023 Letter, ECF No. 14, at 1.) The Court accordingly construes Petitioners' motion as requesting a judgment for only $340,539.60 (plus costs incurred in connection with this case). ($342,039.60 − $1,500.00 = $340,539.60.)

5

## DISCUSSION

### I. Legal Standards

#### A. Confirmation of an Arbitration Award

Arbitration awards are not self-enforcing and must "be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Although Petitioners have moved for a default judgment, "[t]he Second Circuit has determined that default judgments on petitions to confirm arbitration awards 'are generally inappropriate.'" *Fid. Brokerage Servs., LLC v. Tortora*, No. 10-CV-1049 (ENV) (VVP), 2010 WL 11623055, at *1 (E.D.N.Y. June 29, 2010) (quoting *Blair*, 462 F.3d at 109). "Instead, courts treat such motions as unopposed motions for summary judgment, and 'may not grant the motion for default without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"[5] *Id.* (quoting *Blair*, 462 F.3d at 110).

In doing so, "courts generally use the *Blair* standard to defer to an arbitrator's award, and confirm the award so long as the arbitrator provided a barely colorable justification for the outcome reached." *Finkel v. Uptown Commc'ns & Elec., Inc.*, No. 20-CV-3303 (LDH) (CLP), 2022 WL 2467471, at *3 (E.D.N.Y Apr. 12, 2022) (citation and quotation marks omitted) (discussing *Blair*, 462 F.3d 95). "[R]eview of arbitration

---

[5] Some courts have observed that this distinction "'is somewhat academic,' where . . . the respondent has failed to appear or otherwise defend in both the arbitration proceedings and the subsequent confirmation proceedings." *Loc. 363, United Elec. Workers v. Laser Lite Elec., Inc.*, No. 17-CV-0267 (DLI) (SMG), 2017 WL 9939041, at *2 (E.D.N.Y. Nov. 9, 2017) (quoting *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Jung Sun Laundry Grp. Corp.*, No. 08-CV-2771 (DLI) (RLM), 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009)); *see id.* ("Indeed, where the respondent appears neither in the arbitration proceedings nor in the subsequent confirmation proceedings, the concerns expressed by the Second Circuit in . . . *Blair* about relying on *ex parte* allegations set forth in a complaint as opposed to a more complete record from the arbitration proceeding appear less pertinent.").

awards is 'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).

This deference supports the federal policy of respecting parties' contractual agreements, particularly in the context of labor unions. "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960). "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *United Steelworkers*, 363 U.S. at 597).

Still, in the context of an unopposed motion to confirm such an award, the Court must determine whether Petitioners have demonstrated that no material issues of fact are in dispute, because "[e]ven unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d. 241, 244 (2d Cir. 2004)).

7

### B. Costs

Under Section 502 of ERISA, a plaintiff can recover costs associated with any action "in which a judgment in favor of the plan is awarded." 29 U.S.C. § 1132(g)(2)(D); *see Finkel v. Colony Elec. Co.*, No. 10-CV-2240 (FB) (LB), 2010 WL 5665042, at *8 (E.D.N.Y Nov. 8, 2010), *report and recommendation adopted*, 2011 WL 346738 (E.D.N.Y. Feb. 1, 2011). "As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, . . . costs may properly be awarded.'" *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (5th Cir. 1982)).

## II. Analysis

### A. Confirmation of the Arbitration Award

Despite proper service of the Petition and the motion, Respondent has not appeared in this litigation.[6] In the absence of any opposition, the Court concludes that Petitioners have established that there are no material facts in dispute with respect to whether Petitioners are entitled to a judgment.

---

[6] In addition to evaluating the arbitrator's award, the Court notes that Petitioners have demonstrated proper service on Respondent as well as compliance with the procedures required by the CBA. Specifically, Petitioners served Respondent on September 7, 2022 via the New York Secretary of State, as permitted by New York law. (*See* Aff. of Service, ECF No. 5.) *See* N.Y. Bus. Corp. Law § 306(b)(1); Fed. R. Civ. P. 4(e)(1) & (h)(1); *see also Jean-Louis v. Warfield*, 898 F. Supp. 2d 570, 574 (E.D.N.Y. 2012) (explaining that New York law permits service upon a corporation via the New York Secretary of State). Additionally, prior to filing this action, Petitioners commenced arbitration in accordance with the CBA, leading to an arbitration award for Petitioners, and Petitioners now seek to confirm that award, also as provided by the CBA. (Pet., ECF No. 1, ¶¶ 15–23.) The record establishes that Respondent agreed to be bound by the CBA, and the evidence submitted at arbitration showed that Petitioners complied with the required procedures under the CBA and that notice to Respondent was provided. (*See* Award, ECF No. 1-1, at ECF p. 7; Agreements, ECF No. 1-2; Arbitration Demand, ECF No. 1-4; Hearing Notice, ECF No. 1-5.)

8

The arbitrator's award rested on the factual finding that Respondent "failed to remit dues to the Union and contribution payments to the Funds consistent with its contractual obligations." (Award, ECF No. 1-1, at ECF p. 8.) Given the evidence presented at the arbitration, the Court finds that the arbitrator had a reasonable basis for concluding that Respondent failed to remit dues and contributions to the Funds during the relevant time periods. (*See id*.) The record likewise establishes that the arbitrator acted within the scope of his authority and had an adequate basis for the Award. (*See id*.)

Based on the CBA and the factual record, the arbitrator ordered Respondent to pay the sum of $339,939.60 consisting of: (1) $7,256.00 in dues; (2) $5,110.70 in working assessment fees; (3) $22,347.25 in Joint Apprentice Training Fund contributions; (4) $8,404.81 in USWU Labor Management Corporation Fund contributions; (5) $2,634.87 in administrative fees; (6) $75,187.36 in Security Division contributions; (7) $140,410.20 in Welfare Division contributions; and (8) $78,588.41 in prejudgment interest accrued prior to the date of the award. (*Id*. at ECF p. 10.) The record shows that the arbitrator awarded these amounts in accordance with the CBA and Delinquency Guidelines. Accordingly, the arbitrator's award of $339,939.60 should be confirmed.

Petitioners further request an additional $600.00 in costs associated with the arbitration, which Petitioners assert were awarded by the arbitrator. (*See* Bill of Costs, ECF No. 9-7.) The Court notes that, in addition to the $339,939.60 total sum, the arbitrator found that Respondent was "also responsible for the costs and fees associated with the collection process," but did not award costs and fees in a sum certain. (Award, ECF No. 1-1, at ECF p. 8.) The Court further notes, however, that Petitioners have submitted the notice of hearing generated by the arbitrator on March 2, 2022, which

9

indicates that the arbitrator's fee was $600.00. (Notice of Hearing, ECF No. 1-5, at ECF p. 2.) Petitioners have therefore demonstrated entitlement to $600.00 in arbitration costs.

Consequently, the Court respectfully recommends confirming the Award and granting a judgment in the amount of **$340,539.60**, consisting of the $339,939.60 "total sum" awarded by the arbitrator, plus $600.00 in arbitration "costs . . . associated with the collection process."[7] (Award, ECF No. 1-1, at ECF p. 8.)

### B. Costs and Fees Associated with this Case

Petitioners have not requested attorney's fees associated with bringing this petition, nor have they submitted contemporaneous records of work performed. Petitioners do, however, seek $611.95 in court filing fees and charges related to service of the Petition. (Bill of Costs, ECF No. 9-7.) The Court may take judicial notice of the $402 filing fee. Additionally Petitioners submitted copies of invoices received from their process server, indicating that the costs of service in this action amounted to $209.95. (*See* Invoices for Service, ECF No. 9-6; Objection to Report and Recommendation, ECF

---

[7] In addition to a judgment in the amount of the Award, Petitioners originally requested an additional award of "interest thereon from the date of the Award." (*See* Pet., ECF No. 1, at 7.) When requested, prejudgment interest accruing between the date of the arbitration award and the date of judgment shall be awarded "at the discretion of the district court." *In re Arb. Between Westchester Fire Ins. Co. v. Massamont Ins. Agency*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005). Here, however, Petitioners have not renewed their request for such relief in their motion for default judgment. (*See generally* Mot. for Default J., ECF No. 9; Supp. Mem., ECF No. 9-1; Bill of Costs, ECF No. 9-7; Proposed Judgment, ECF No. 9-8.) Petitioners' request for interest accruing from the date of the Award is therefore abandoned. *See Finkel v. Fervent Elec. Corp.*, No. 13-CV-3289 (NGG) (RER), 2015 WL 1469560, at *1 n.1 (E.D.N.Y. Feb. 23, 2015), *report and recommendation adopted as modified*, 2015 WL 1469728 (E.D.N.Y. Mar. 30, 2015); *see also Maldonado v. Landzign Corp.*, No. 15-CV-3054 (DRH) (GRB), 2016 WL 4186815, at *4 n.3 (E.D.N.Y. July 14, 2016); *Reyes v. Art Tek Design, Ltd.*, No. 16-CV-5168 (ADS) (AYS), 2018 WL 614980, at *10 (E.D.N.Y. Jan. 11, 2018), *report and recommendation adopted*, 2018 WL 611733 (E.D.N.Y. Jan. 29, 2018).

No. 17, at 2.)[8] The Court accordingly finds that Petitioners have demonstrated costs in the amount of **$611.95**. ($402 + $209.95 = $611.95.)

## CONCLUSION

For the reasons discussed above, the Court recommends that the Petition to confirm the arbitration award be granted and that judgment be entered in Petitioner's favor. Specifically, the Court recommends (1) confirming the arbitration award; (2) awarding judgment in favor of Petitioners in the amount of **$340,539.60** consisting of $7,256.00 in Union dues, $5,110.70 in working assessment fees, $22,347.25 in Joint Apprentice Training Fund contributions, $8,404.81 in USWU Labor Management Corporation Fund contributions, $2,634.87 in administrative fees, $75,187.36 in Security Division contributions, $140,410.20 in Welfare Division contributions, $78,588.41 in accrued interest, and $600 in arbitration costs; and (3) awarding **$611.95** in costs incurred in connection with this case.

\*   \*   \*   \*   \*

This amended Report and Recommendation will be filed electronically, and a copy will be sent by mail to Respondent Traditional Air Conditioning, Inc. Objections to this amended Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Eric N. Vitaliano, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga County*, 517

---

[8] As noted above, the calculation of costs was the sole issue raised in Petitioners' objection to the Court's original report and recommendation.

11

F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
June 5, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE